# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL LOTZ : | |
|    *Plaintiff*, : | Civil Action No: _____ |
| : | |
| V. : | |
| : | |
| UNITED STATES OF AMERICA : | |
|    *Defendant*. : | February 28, 20222 |

## COMPLAINT FOR DAMAGES

1. Michael Lotz brings this claim for damages pursuant to the Federal Tort Claims Act, Title 28 U.S.C. Section 1346(b).

2. Plaintiff seeks damages for his wrongful incarceration. He was kept in federal prison for more than three months after he had fully served his sentence.

3. This Court has jurisdiction over this claim against the United States for money damages pursuant to 28 U.S.C. Section 1346(b). Venue in this District is proper; Plaintiff resides in Shelton, Connecticut.

4. Plaintiff has exhausted his administrative remedies. He filed an administrative complaint more than six months ago.

5. Plaintiff's wrongful incarceration occurred as follows:

    a. He was arrested April 1, 2013 on weapons charges. On March 25, 2014, Judge Hall sentenced him, on one count, to 50 months imprisonment and three years supervised release, with credit for time served from August 29, 2012.

    b. After being released, he was arrested on July 13, 2016 for violation of probation and incarcerated until December 20, 2016: five months plus seven days, or 161 days. He was not convicted of probation violation in connection with this arrest or detention.

1

  c. After some success on probation he was unsuccessful and was arrested by U.S. Marshals on November 27, 2018 on a probation violation charge and incarcerated until February 8, 2019, when he was convicted of violating his probation. A judgment was issued on February 14 sentencing him to eight months. November 27 until February 14 is 80 days, for a total 161 plus 80 or 241 days.

  d. Eight months is no more than 244 days. However, Plaintiff was not released on February 17. Instead, he was detained by the United States Marshals Service and then transferred to the custody of the Bureau of Prisons on or about March 1.

6. Plaintiff remained incarcerated in the custody of the Bureau of Prisons, first at Wyatt Correctional Institution and then at Metropolitan Detention Center in Brooklyn, until June 4, 2019, more than three and one-half months after he was required to be released.

7. During this period of illegal incarceration Plaintiff frequently asked prison officials why he was being detained. He was never given an answer other than that paperwork had not come through.

8. Plaintiff suffered from serious medical conditions which required medication, and during his lawful incarceration he received medication and treatment, but during the period of unlawful incarceration he was given no medication because the institutions had no paperwork documenting his medical needs – if they even had any documentation of any reason for his incarceration.

9. Even when Plaintiff was released he was not shown or made aware of any reason for his incarceration or his release. He was simply taken to a prison office, told that some information had come through, instructed to sign some forms, and released. After several hours he was able to make his way from Brooklyn back to Connecticut.

10. Plaintiff's wrongful incarceration was due to the conduct of employees of the United States that constitutes at least negligence under the laws of Connecticut as well as Rhode Island and New York.

11. During and as a result of his wrongful incarceration, Plaintiff suffered injuries and deprivations including not only the incarceration itself but assault and harassment by other prisoners and deprivation of needed medical care.

12. Under the Federal Tort Claims Act, Defendant United States of America is liable for the actions or omissions that injured Plaintiff.

## PRAYER FOR RELIEF

Plaintiff requests a judgment against Defendant for:

1. Compensatory damages.

2. Such other and further relief as the Court deems just and proper

PLAINTIFF

By /s/ David N. Rosen
David N. Rosen, CT00196
David Rosen & Associates, P.C.
400 Orange Street
New Haven, CT 06511
(203) 787-3513
(203) 789-1605 Fax
drosen@davidrosenlaw.com